Christopher Meek v. Kansas City Life Ms. Kuehle Thank You, Your Honor, may it please the court I'd like to please reserve five minutes for rebuttal I'd like to begin by providing three reasons why the summary judgment on policy interpretation should be reversed and judgment should be entered for KCL First a close reading of these policies as Kansas law requires Demonstrates that they do not limit KCL to considering only mortality factors in determining cost of insurance rates There are many provisions here that simply did not appear in the vote policies and were therefore not Interpreted by this court like the expectations clause the clause on past losses and gains Uniform basis clause the definition of the cost of insurance none of those appeared invoked and all of those support KCL Second even if there is ambiguity in the policy under Kansas law Extrinsic evidence is considered in conjunction with determining the meaning of the policy the uncontroverted Extrinsic evidence here supports KCL and should have been considered by the court and third even applying the canon Constring against the drafter here yields no consistent result for the policy holders It's undisputed that sometimes KCL's approach to determining the COI rates Resulted in COI rates that were actually lower for the policy holders So applying that canon does not yield a reflexive result for the policy holders and should have been considered Along with the extrinsic evidence by the court and was not Turning in more detail to the policy language in this case One of the clauses that appears here that did not appear invoked Provides that KCL will determine COI rates based on its Expectations as to future mortality experience council. How does choice of law play into this? Is that something we need to address? Choice of law is raised by the other side in their cross appeal. We would submit that the court can Reverse on the liability determination and rule that judgment should have been entered for KCL Based on Kansas law, which as applied here supports KCL. The choice of law determination and that was raised in the cross appeal has to do with the Conversion claim and has to do with the statute of limitations That applies to the contract claim. If the court were to adopt KCL's interpretation It would not need to reach those questions here And we would submit that if the court does not agree with our arguments that it should affirm the judgment And not overturn the court's determination of choice of law Kansas law here is different from Missouri law or at least the canons of construction that were applied invoked Because invoked the only canon that was at issue Involved the plain meaning of one particular phrase in the policy The the clause invoked provided that COI rates would be based on certain insured characteristics Like sex age and risk class The canons of construction that this court needs to apply are far broader because there is much more Language to be interpreted and Kansas law requires the court to give meaning to every word of the policy But it's the same basic language. I understand that you're saying there's additional language Don't you agree? This is the same basic language as what we had in vote? No, your honor and I can explain why Expectations as to future mortality experience is one phrase here. That is KCL's expectations. It doesn't say Mortality rates what is involved in an insurer's? Expectations as to future mortality experience is more than just the rate of death of the policyholders Otherwise, it would say that and I believe there was the phrase projected mortality rates invoked policy This language is much more specific And when an insurer is paying or considering how it is going to manage death claims into the future Again, it considers not just the rate of death. It considers who are those policyholders? What will their death benefits be who will have surrendered the policy and how will the insurer? Manage its reserves to be able to meet those obligations in the future How is that different than expenses because you have two expense charges that go to exactly those types of issues? First the jury did not award damages on that count and in terms of expenses, but to answer your honor's question profits Insurer needs to be able to be earning making profits now on its reserves management in order to be able to guarantee That it can pay death benefits in the future because of all the uncertainties that the insurer is managing Having to do with what its financial Outlook will actually be the dollar value of death benefits that actually come in all these things that are projected but uncertain So the insurer is it needs to make profits now It needs to be able to build its reserves and capital in order to honor that guarantee to its policyholders The cost of insurance provision in this policy is also different from vote There's a definition in the policy that said it says it is the charge that KCL makes for providing pure insurance protection in order to provide that insurance KCL needs to be able to ensure it can pay those death benefits decades into the future And surely any person on the street would understand the cost of insurance as the title would suggest So are you I mean, it sounds to me like you're saying that the expense the two expense charges are based on What happened or what what's happening in the immediate future or just right now? And you're saying that the future mortality experience is the projection into the future. Is that is that right? I mean they seem even under your you just explained them and it still seems to me like they're the same thing Unless you're talking about the time frame being different the Expectations as to future mortality experience is a projection into the future. It is an actuarial exercise that Runs different variables because the insurers job here is to manage its risks and Considers what it needs to be able to pay those about the expenses part But in order to actually pay those death benefits, it has to be also considering its profits its position in the market its competitiveness its expectations as to its experience of Paying those claims and whether it will be able to pay those claims the cost of providing the insurance Incorporates what it needs to do to pay those claims for example, if you You get a bill for the cost of car repairs You're not going to assume that that cost is just the cost of the parts to the mechanic You're going to assume that labor profit Those things are built into what that bill looks like and KCL discloses that in the words that it uses in the policy I would also point the court to the past losses and gains provision. That was not in the vote decision It was not considered by the district court here It appears in 11 of the 12 class policies in the same paragraphs that set forth the COI rate provision and it says that KCL will not change rates based on past losses or past or Decreased rates based on past gains that indicates because it specifies past losses and gains not future losses and gains in conjunction with the expectation clause that provides about talks about projection the Expectations of future mortality experience the KCL is forward-looking in setting these COI rates Just one last question if we were to isolate the based on language, you know We've got that in two separate sentences in the policy It seems to me that when based on that that is used in connection with a single thing. It's not necessarily Exclusive but when you use based on with a list and I think they make this of the other side makes this argument It seems like it's exclusive They give the example of a batting average or if you think of any other statistic as well This is based on a and B You would not presume it's based on a B and C And so would you agree that just based on the plain language of those to prevent those two? Sentences that it seems to be exclusive and that you need to bring in these others These other provisions that you want to bring in in order to get away from that exclusivity No, your honor because many of the policies for example Include duration the number of completed policy years, which has nothing on its face to do with mortality So the argument that these policies list ABC and those are part of some category that's limited to mortality factors Isn't even supported based on the language in these policies the by in that they also list non-mortality factors Also in my question actually, my question is when you have a B and C and there you're just adding D Right because you have it's based on a B C and D My only point is that it's exclusive for a B C and D that they wouldn't expect something else to be lit To to apply that isn't listed there. I don't agree I think that in context where the policy lists things that are different from one another There is an implication that it could list other different things It doesn't say based only on these things to the extent But it does based on which ordinarily in grammar if you have a list it does connote exclusivity, right? That's the ordinary rule of Construction that's applied to the English language now You're saying that there's some inherent ambiguity that exists in this that allows you to go to other places within the policy to read that In right and what what case do you have that stands for that proposition or what rule of construction do you have your honor? First I would say the based on language here is not ambiguous because of the usage three times to do Listen if there's no ambiguity now Show me a rule or a case that tells me that I can read this the way that you want to read it Sure slam dunk protective life Norm the 11th Circuit and 7th Circuit decisions we cite Interpreted the 11 circuits the policies the 11th Circuit was interpreting were much more similar to these policies Than the vote policy was in the in that case there were two or three instances in those cases There were two or three based on clauses and the court agreed With its prior decision in slam dunk and protective life that that Unambiguously indicated that based on was not it used in an exclusive way And I would add that the dictionary definitions which Kansas law Permits this court to consider provide you know based on is a foundation It's a main part, but it's not the only part. Why would a reasonable insured person? Have that perception of the of the construction of this Policy your honor if you were to read the If you were to ask a reasonable person what cost of insurance includes I would think that ordinary policyholder would assume it includes what it costs the insurer to provide the policy protection and if the Also like to point out that the other provisions that I'm referring to to reinforce my contextual reading of the based on clauses here All appear in the same place in the policy These are in the addendum, and they're all a series of paragraphs in sections two three or four depending on the policy The past losses and gains provision I mentioned before which very clearly communicates that Losses or gains could otherwise be considered and implies are considered on a forward-looking basis Those are all in the same paragraphs including the cap on mortality rates, but that's based on a mortality table So we're not asking for policy orders to have to poke around through the policies, but even if there's ambiguity here again We're back to Kansas law and Kansas law says we look to extrinsic evidence to consider What the policy means where there's ambiguity? there's a pattern during instruction that recognizes that this is sometimes a fact question that goes to the jury and sometimes a Decision made by the court. This is the general rule in Kansas and the other side has not identified any Kansas cases that would alter that rule in the insurance context So even if the court conclude that there's ambiguity here The extrinsic evidence should have been considered in conjunction with interpreting these policies that evidence exclusively favors KCL. Let me ask you about at least one one form of it because we just talked about the reasonable expectations of the policyholder But you're but one of your two categories of extrinsic evidence deals with what independent agents were told which has nothing to do with The expectations of reasonable policyholders unless there's some evidence that all these independent agents actually communicated it to to the policyholders Your honor the evidence was that the agents received a manual that gave them the information Trained them to when if discussing or asked about the COI rates to explain it included profits and expenses Whether individual policyholders received that information Would be an individualized inquiry the court early on Applied the contract of the canon of construction against the drafter and concluded it didn't need to proceed to extrinsic evidence Mr. the evidence of Mr. Meek himself provides that he his testimony that he didn't have any understanding of what the COI rate even meant So there is no extrinsic evidence to demonstrate what the policyholders are arguing No, so so we have we have what's given to the independent agents, and then we have Meek saying I don't know what it means and again. We're talking about the reasonable expectations of the policyholder So I don't understand. I guess I don't understand how that helps, Kansas City life It helps your honor because it shows that if though if this were considered on an individual policyholder basis There is reason to believe and evidence would be developed that Individual policyholders could have been told that there were profits included in the COI rates and that defeats both a one-size-fits-all Interpretation of the policy against KCL and also defeats class certification But the court just swept all the differences among the policies Oh, I hate to do this to you, but the interpretation depends upon I mean I know I was hinting at that, but that was because of the reasonable expectations of the policyholder But I think you're suggesting that for some policyholders the Interpretation of the policy would be one thing and then for other policy the policyholders that are told and then for policyholders that weren't told The interpretation might very well be something else If there's no extrinsic evidence that any policy were interpreted at the way that the policyholders are arguing now So that's point one we've introduced evidence to indicate that there may have been policyholders who interpret it differently and also that the Interpretation that KCL offers could favor many policyholders if the court were to consider Or require extrinsic evidence to be considered all of that could come into play into determining what a reasonable policyholder Thought and if that could not be determined as a matter of law Then it becomes an individualized question for individual policyholders And it defeats class meaning meaning for individual policyholders could mean different things for different policyholders Is that what you're suggesting it could and the average case from this court recognizes that principle where there's not common evidence To determine what policyholders thought and policy meant there's not a common question or they're not common answers I want to ask just one real quick question slam-dunk is an 11th Circuit unpublished opinion that appears in the Appendix Does it have any? Authority for any authority beyond persuasive even in the 11th Circuit and so it is only persuasive But it has been adopted the reasoning there including the analysis of based on was adopted in a published decision the Protective life decision that's cited in our briefs for the 11th Circuit that was issued relatively recently But is in our briefs Thank you Thank you, thank you your honor Mr. Wilders May it please the court Using a cost of insurance rate determined internally by Kansas City life behind closed doors, Kansas City life Systematically deducted more from the policy accounts of these policyholders than anywhere in the policy authorized it to take the district court correctly interpreted these policies in favor of the insured and Determined that these policies nowhere allowed Kansas City life to use its profit and expense Expectations to deduct the cost of insurance charge when the policy said they would be based on its expectations as to future mortality experience The district court also correctly denied Kansas City life's motion for a directed verdict The district court however did err in applying Kansas law And I would like to briefly talk about the cross appeal at the end of my argument I plan to address the policy interpretation issues the conversion claim and the application of Missouri's borrowing statute The district court gave the policy a reasonable interpretation for three overarching reasons First the district court's interpretation faithfully applied this court's precedential decision and vote versus State Farm The court there held that a policy which stated that the cost of insurance charge would be based on the insured's age sex and rate class Necessarily prohibited the insurer from also using profit and expenses or other unlisted Non-mortality factors to determine the cost of insurance rate Now counsel on the other side has suggested that the policy here contains different language and we agree with that However, the additional language only confirms the ruling of the vote decision One of the ways that the vote decision concluded that the policy was at least ambiguous Was because it did not say that it would be based on expectations as to future mortality experience That was one of the foundational reasons the Seventh Circuit reached a different conclusion This time in favor of the insurer because it did not use the terms mortality expectations the vote court implied that age sex and rate class are all mortality considerations and Therefore this was appropriately construed by a reasonable policy holder as a mortality rate Here the policy actually says mortality expectations Which only strengthens the argument that this policy permits the insurer to calculate a rate using mortality But not profit and expenses and other things let me ask a practical question which is you heard you heard me and others on the bench talk to opposing counsel about this, but There needs to be a way for the insurance company to make Profits and losses. Where does that come in? Does that come in in one of the two expense provisions? Is that's how the charge should have occurred or does it come in elsewhere, right? And profitability, you know, this is an issue that has been addressed in many of the cases So these policies have a premium expense charge, which is every time you deposit a premium They take a percentage off the top and the policy tells you what that percentage is going to be They have a monthly expense charge Which is part of the monthly deduction and they tell you what the dollar amount of that is going to be The policy accounts are invested by Kansas City Life at their discretion and they earn interest on those investments Above typically what the they credit back to the accounts which there's a minimum guaranteed interest rate so the position and Judge Lowry, I think was the most explicit in addressing this issue is in the vote versus State Farm District Court decisions is that these policies would not imply to a Ordinary insured that profit has to be made on the cost of insurance rate And so all of the argument about what we need to make this profit and we need to make these reserves No one would assume that it's in the cost of insurance rate when these charges are unbundled and there's nowhere It's nowhere determined that it should include profit and I would point out that other insurance companies they say things like based on expenses and profit and mortality and that's at the appendix of plaintiff at 267 in mr. Witt's declaration he identifies other insurance companies which actually disclose all the factors that the insurance company is going to use and Kansas City Life elected not to do that So in addition to the vote case I would point out that the district courts interpretation here is Consistent with four other courts which have interpreted Kansas City Life's policies including the same policies that issue in this case in The Sheldon case the district court in Missouri State Court interpreted this in favor of the insured Unambiguously rejecting Kansas City Life's arguments in the car versus Kansas City Life case The same policy is that issue in this case the district court gave it the circuit court gave it the same Interpretation and I learned just this morning that the Missouri Court of Appeals affirmed that concluding that is unambiguous That the policies do not permit Kansas City Life to use profit and expenses to deduct that and we'll apply the court with the 28 J. Absolutely as soon as we can Further would you address the slam-dunk case? Yeah, so the slam-dunk and the advanced trust cases from the 11th Circuit the slam-dunk case The policy did not include only mortality factors and what it claimed It was going to be based on it also said it would be based on whether you'd used direct deposit Or whether you submitted by check and so it did not as in the vote case Include only mortality factors and in the advanced trust case the issue there was whether the insurance company had to change rates not how they set the rates in the first instance and in an alternative hold in an alternative holding the 11th Circuit held that Adopted the reasoning of norm on the based on clauses But what I would submit is that it did not grapple with the point I just discussed with you judge Strauss Which is one of the things the norm court said and rested his decision on was well The insurance company has to make a profit but neither norm nor advanced trust Acknowledged that a reasonable layperson would not expect profit to necessarily come through the cost of insurance charge because there are these other charges in There they don't know how much profit the insurance company expects to make they don't know how much in the aggregate They're collecting on these other charges So it's simply not a reasonable position to say that the insured Would reasonably understand that all profit has to come through the cost of insurance charge You know given all of these other decisions and given the many other decisions which have reached Interpretations of similar language in favor of the insured which are cited both in our brief and in the underlying decisions that we've cited Kansas City life has a high burden to show reversible error I mean we have all these judges concluding that the insurance interpretation is reasonable And so at the very least it points to ambiguity Well, Kansas City life's response to that is that under Missouri law ambiguity is construed in favor of the insured And under Kansas law, we look to extrinsic evidence and that's simply not correct the interpretive principles for vote that vote was decided under on Missouri and The Kansas principles are virtually identical if anything, Kansas The Kansas Supreme Court has been more emphatic the district court cited language from the busman versus safeco case Which is a Kansas Supreme Court case that says where the insurer prepares its own contracts It had a duty to make the meeting clear And if it fails to do so the insurer and not the insured must suffer in the gowing case versus Great Plains Which we've cited in our brief the Kansas Supreme Court actually has a fairly extensive discussion of why? The rule against ambiguities applies in consumer insurance contracts Stating that you know, it's an adhesion contract There's an imbalance of power between the drafter and the insurance company and the insured and because the insurance company has the ability to make It clear they could have said we're going to base the rates on anything We want they could have said the rates are never going to be more than the maximum rates and we may charge lower But they didn't do that here and because they didn't do that here. We don't go looking for extrinsic evidence We apply the rule against ambiguities all of the cases. Do you have Kansas Authority that says you don't look at extrinsic evidence? Well what I don't have that specific distinction But what we do have is a number of cases including the Liggett case The gowing case cited in our brief the Brown versus combined insurance case cited by the district court the Lee builders case Which is also cited by the district court and the Catholic Diocese of Dodge City versus Raymore case which is cited in our brief all of which set forth the standard for interpreting a consumer insurance contract and none of them say we Go to extrinsic evidence In fact, the cases they cite are principally either Insurance to insurance cases where the defendant was an insurance company and plaintiff was an insurance company and even the case They cite says that in the context of two insurance companies Arguing over language. We don't apply the rule against ambiguities The sprint versus middleman case Which is a Tenth Circuit case that they cite was not an insurance case And when you look at the law review article that the court relied upon there It actually makes a distinction saying it is worth Considering that some contexts like mass marketed insurance policies and standard form contracts for consumers Might be more amenable to this kind of rule meaning you don't look to extrinsic evidence You apply the rule against ambiguities and that's effectively what the Kansas Supreme Court said in the Gowing versus Great Plains case I think the other decision they cite was wise versus Westchester a Tenth Circuit case But in that case, although the court permitted extrinsic evidence, it was extrinsic evidence that favored the insurance interpretation The final thing I think they point to are these pattern jury instructions But if you look at these pattern instructions, which are not mandatory in Kansas None of them say look to extrinsic evidence None of them tell the jury determine the meaning of the contract based on extrinsic evidence and only if you're undecided Apply the rule in favor of the insured. It just says the rule in favor of the insured applies So go to the extrinsic evidence. I think opposing counsel or at least I read the brief this way once is arguing that That Meek looked at it as an ordinary insurance premium But he thought the cost of insurance was was Interchangeable with premiums and as everyone knows premiums go up and they go down And they go up and down pretty regularly. And so he may have thought as a reasonable insured that that things like Projected profits and losses would be considered in raising or decreasing the premium I think that's an overstatement of what Meek testified to what he testified was that He looked at it like a premium in the sense that it was the largest charge that was coming out of his account value He never gave any testimony that he thought it was calculated like a premium or that it was determined like a premium He just looked at it from a layperson standpoint as it is a charge. They didn't deduce any evidence from mr Meek as to how he understood the cost of insurance rate or the cost of insurance charge would be calculated And I also think that this this argument that the policy as a whole supports Kansas City life's interpretation Simply doesn't hold water, you know, we have here everything in the policy Specifies either what the charge is or how it's going to be determined the premium expense charge is a percentage the monthly expense charge is a dollar amount the surrender charge is a dollar amount the Monthly deduction is a formula. It's it's a formula a plus B plus C minus D The cost of insurance one of which is the cost of insurance charge. That's a formula. It's expressed as a Formula, I don't have in front of me Excuse me Q times R minus S Where each of those things are defined and one of those is the cost of insurance rate Which says it's going to be determined based on expectations as to future mortality experience so given the way the policy is structured and ordinary insured would not expect or assume that there are Unlisted factors being used to increase the cost of insurance rates Let me ask you this way could what do you think future mortality experience includes and what it doesn't include? Yeah, well, I think giving it an ordinary instruction and if you just look up the word mortality in the dictionary in Miriam Webster's online dictionary It's the number of deaths in a population during a given period of time and then it has a colon mortality rate It's a mortality rate Expectations as to future means it is Kansas City life's projection of what the mortality rates are going to be for all of these insureds For all of time So if you're buying the policy when you're 20 years old They have a mortality rate for what they're going to use when you're 45 years old 15 years 15 years into the future so it's a projection of what their mortality is going to be and if you take a Mortality rate and you plug it into the formula for the cost of insurance charge. What you get is a mortality charge It's the cost to them of paying the death benefit and nothing more and nothing less I think the point they make that duration is one of the factors of the policy that it's not a mortality factor Judge Lowry expressly rejected that in the vote decision at 2018 Westlaw 4937 3 3 0 Stating that duration is a mortality factor completed policy years is a mortality. What is what if you know? You're five into the policy you gave me an example you're five into the policy they say oh my gosh We got the mortality rates grievously wrong And if we don't change if we don't change it, we're not going to make any profits or losses So we need more people are going to die than we thought five years ago when we issued the policy So what do we? Could they change the premium or the cost of insurance based on that when they tie it directly to the change in mortality? Absolutely, and they've always taken the position that they can change the cost of insurance rates at any time for any reason Our position is you can only change the cost of insurance rates if your projections of expectations as to future mortality change so if there's some big event where You know kovat or whatever comes out and maybe that worsens mortality for the population and their experience Mortality experience shows it's worsening and it's going to continue to worsen Then they can set the new cost of insurance rates based on their new expectations as to future mortality experience And that's always been their position our position has always been well if mortality improves Which the evidence shows that it had you also have to lower the rates It's not a one-way ratchet and no reasonable person would assume that you get to raise the rates for your benefit But you never have to lower them for ours. How is that different? This is I mean, maybe they're closely tied, but how is that different from projected gains or losses? It seems to me that that's closely tied to in the life insurance policy to mortality rates Well, it kind of is but remember the the losses and gains Sentence doesn't say anything about losses or gains from the cost of insurance charge So it could just as easily mean losses or gains from the investment if they make a bad investment They're not allowed to then punish the insured for that But even if you assume it is related to mortality you can have what you just described which is maybe their expected mortality was X But mortality worsened before they were able to change the rates and they had a loss What that provision says is you don't get to take that loss and try to recoup it from the policy holders going forward you have To live with that loss But if your expectations continue to be that mortality to be worse You can start charging a mortality rate consistent with those expectations counsel with the time you have left with to address your damages Issue. Yeah, I would like to address. I think the cross appeal that you mean the cross appeal Yes on the cross appeal. I would like to address the conversion claim because I do think the district court Committed a legal error with respect to applying Kansas law to the conversion claim and the district court itself recognized that this was a very close question in fact Sue Sponte tried to certify it for interlocutory appeal under 1292 and Although this court obviously didn't take that issue up at that time This is an issue which is preserved under the final judgment rule The district court concluded that Kansas law applied to the conversion claim because the Kansas policyholders would have felt the conversion in Kansas But that does not give sufficient weight to what is the injury in a conversion case? And in fact, the district court didn't rely on any conversion cases it relied on two cases American Guarantee and Bernstein which involved claims for bad faith and Intentional infliction of emotional distress or tortuous interference in contrast we cite in our case a number of cases holding that in conversion the injury and where the place of the injury is where the property is converted and the record here was Undisputed the policy accounts were located in, Missouri And the money was converted if it was converted in Missouri because that's where they took out the unlawful deductions That's where Kansas City life is incorporated in headquartered. That's where they kept the policy accounts So if the money's converted in Kansas numerous cases showed that is where the injury occurred the district court should have applied Sorry converted in Missouri the district court should have applied Missouri law and under this court's decision and vote It's absolutely clear that a COI Unauthorized COI deduction can be a conversion under Missouri law that went to judgment this court affirmed it and and there's really despite their Protestations to the contrary that that's very clear by the vote decision We've cited a number of conversion cases in our reply brief including from the Sixth Circuit Which rejected this argument that the owner quote where the owner quote feels the loss is the place of the injury That's the Charas versus Oberlin College case from the Sixth Circuit we've also cited a Macmillan versus Kansas City life case in which the court in Maryland concluded contrary to the district court here that the Conversion claim would be governed by Missouri law because that's where the money was converted. That was the place of the harm I like images. How would it be different? The money was either converted or there's a breach of contract But wouldn't the damages be exactly the same under either theory the damage? Excuse me for interrupting the damages would be the same However, the dismissal of the conversion claim had a couple of effects One is the district court denied certification of a nationwide class because it will require the application of multiple states laws Well, if Missouri applies to all policyholders conversion claim that that is an issue that could be reconsidered below and we could have a larger class in a larger trial Second the statute of limitations for conversion is different both under Missouri and Kansas rules Because even under Kansas rules and we think the district court improperly applied the borrowing statute here but even under Kansas rules a Conversion claim in Kansas only accrues when the damages are ascertainable by the plaintiff here There was no evidence that plaintiffs could have known of their damages earlier Because this was all done internally by Kansas City Life And I do want to go back one quick point and address on the policy interpretation with respect to the extrinsic evidence This sales the sales document that supposedly disclosed disclosed to policyholders There's no evidence in the record that it was ever disclosed to any policyholder that mortality Would also that expenses and profit would also be included in the cost of insurance charge In fact that one piece of evidence was a single document in 1994 that was prepared which said that the cost of insurance would include non-mortality expenses for agents there's not even any evidence that any agents ever received it or looked at it or That it was even distributed to agents in the state of Kansas for consideration by any policyholders Much less is there any evidence that any of their agents ever communicated it to a policyholder? And I think under this courts Barfield versus show me decision if you're going to try to rely on extrinsic evidence You have to come forward with at least something that's more than speculative on that point. See my times run out Thank you very much. Thank you counsel Miss Keely your rebuttal Thank you your honor I'd like to begin with the conversion claim the court asked about this court has however an injury is Economic harm, Missouri law asks where the insured feels the economic impact as applied here That is where the policyholders live in Kansas Unlike a an ATM you go over to Missouri and take money out of the bank account or a specific Concrete piece of property like an issue in their conversion cases What the policyholders here have is a contractual right to a death benefit or the cash value if they surrender the policy Mr. Meek testified himself when he took out a loan on the policy. He received a check That's how he feels the economic impact of this injury. It's at home in Kansas It is not like the conversion cases that the other side has cited and in the Sixth Circuit for example in those decisions the Sixth Circuit noted that it had not adopted a test that looks to where the The the harm is felt but that's contrary to this court's interpretation of Missouri law Which does look to where a purely economic injury where that harm is felt I'd also point the court to the life insurance context where there's a presumption that the home state of these Policyholders has a strong interest in regulating insurance contracts and in resolving disputes and protecting its policyholders to essentially Double count the conduct of KCL in deducting charges in Missouri would be to flip the presumption on its head And to set aside the strong interest that Kansas has in Regulating and setting the law for its own policyholders in these cases The other case I point the court to is the Bernstall case which recognizes that where a harmful act Crosses state lines. Missouri looks to where the act takes harmful effect so to the extent there's any debate over whether an injury would be in Missouri or Kansas at the end of the day where the Act of KCL took harmful effect is what should trump and that is in Kansas where the insured felt The financial impact of having to potentially pay higher premiums Receiving less in cash value or if its beneficiary received the death benefit It did not receive the death benefit because of a lapse. Let me ask you about that So if it was a bank for example that had branches in your state You would definitely feel the effect in your state because you could go to the branch and take your money out But this is a little different because it's it's an insurance account and so you necessarily have to take it from Missouri I mean it has to be sent from Missouri to Kansas if you were to take the surrender value Does that make it different in any way in terms of what we should apply? I agree that the insurance context is different from banking in a couple of ways. One is in banking There is a certain amount of money or funds that it should generally be segregated with a savings account In insurance the way it's regulated is the premiums are pooled and the cash value is pooled The the policies are pooled together. So there isn't some specific pile of money that belongs to Mr Meek sitting somewhere for him to claim. It's a it's a it's an accounting notation It's a contractual right essentially and he receives that money that benefit in his home state when he when he requests it It's not something he goes over to Missouri to claim So I do believe that that makes these cases very different from a banking situation But in a way that supports the district courts determination. I see my time is up. Thank you for your time today Thank you Counsel the court wishes to express its appreciation to both counsel for your participation and argument before the court this morning We'll continue to study the case and take it under advisement. Thank you